# SUPREME COURT OF THE UNITED STATES

REPUBLICAN PARTY OF PENNSYLVANIA *v.*
KATHY BOOCKVAR, SECRETARY OF
PENNSYLVANIA, ET AL.

ON MOTION TO EXPEDITE CONSIDERATION OF
THE PETITION FOR WRIT OF CERTIORARI

No. 20–542.   Decided [October 28, 2020]

The motion to expedite consideration of the petition for a writ of certiorari is denied.  JUSTICE BARRETT took no part in the consideration or decision of this motion.

Additional opinions may follow.

Statement of JUSTICE ALITO, with whom JUSTICE THOMAS and JUSTICE GORSUCH join.

The Court's handling of the important constitutional issue raised by this matter has needlessly created conditions that could lead to serious post-election problems.  The Supreme Court of Pennsylvania has issued a decree that squarely alters an important statutory provision enacted by the Pennsylvania Legislature pursuant to its authority under the Constitution of the United States to make rules governing the conduct of elections for federal office.  See Art. I, §4, cl. 1; Art. II, §1, cl. 2; *Bush* v. *Palm Beach County Canvassing Bd.*, 531 U. S. 70, 76 (2000) (*per curiam*).  In a law called Act 77, the legislature permitted all voters to cast their ballots by mail but unambiguously required that all mailed ballots be received by 8 p.m. on election day.  2019 Pa. Leg. Serv. Act 2019–77; see 25 Pa. Stat. Ann., Tit. 25, §§3146.6(c), 3150.16(c) (Purdon 2020).  It also specified that if this provision was declared invalid, much of the rest of Act 77, including its liberalization of mail-in voting, would be void.  Act 77, §11.  The legislature subsequently made it clear that, in its judgment, the COVID–19 pandemic did not call for any change in the election-day deadline.  In a law

enacted in March 2020, the legislature addressed election-related issues caused by the pandemic, but it chose not to amend the deadline for the receipt of mailed ballots.  See Pa. Leg. Serv. Act 2020–12.

In the face of Act 77's deadline, the Pennsylvania Supreme Court, by a vote of four to three, decreed that mailed ballots need not be received by election day.  App. to Pet. for Cert. 80a–81a.  Instead, it imposed a different rule: Ballots are to be treated as timely if they are postmarked on or before election day and are received within three days thereafter.  *Id.,* at 48a.  In addition, the court ordered that a ballot with no postmark or an illegible postmark must be regarded as timely if it is received by that same date.  *Id.,* at 48a, n. 26.  The court expressly acknowledged that the statutory provision mandating receipt by election day was unambiguous and that its abrogation of that rule was not based on an interpretation of the statute.  *Id.,* at 43a.  It further conceded that the statutory deadline was constitutional on its face, but it claimed broad power to do what it thought was needed to respond to a "natural disaster," and it justified its decree as necessary to protect voters' rights under the Free and Equal Elections Clause of the State Constitution.  *Id.,* at 44a, 45a–47a.

A month ago, the Republican Party of Pennsylvania and the Pennsylvania Senate leaders asked this Court to stay the Pennsylvania Supreme Court's decision pending the filing and disposition of a petition for certiorari.  See *Republican Party of Pennsylvania* v. *Boockvar*, No. 20A54; *Scarnati* v. *Boockvar*, No. 20A53.  They argued that the state court decision violated the previously cited constitutional provisions, as well as the federal statute setting a uniform date for federal elections.  Application for Stay in No. 20A54, p. 2; Application for Stay in No. 20A53, pp. 2–3.  Respondent, Democratic Party of Pennsylvania (DPP), agreed that the constitutionality of the State Supreme Court's decision was a matter of national importance and urged us to grant review and to decide the issue before the election.  DPP Re-

sponse to Application for Stay in No. 20A53 etc., p. 9. Instead of doing what either party sought, the Court simply denied the stay. Although there were four votes to enter a stay, the application failed by an equally divided vote. Now, in a last ditch attempt to prevent the election in Pennsylvania from being conducted under a cloud, we have been asked to grant a petition for a writ of certiorari, to expedite review, and to decide the constitutional question prior to the election.

It would be highly desirable to issue a ruling on the constitutionality of the State Supreme Court's decision before the election. That question has national importance, and there is a strong likelihood that the State Supreme Court decision violates the Federal Constitution. The provisions of the Federal Constitution conferring on state legislatures, not state courts, the authority to make rules governing federal elections would be meaningless if a state court could override the rules adopted by the legislature simply by claiming that a state constitutional provision gave the courts the authority to make whatever rules it thought appropriate for the conduct of a fair election. See Art. I, §4, cl. 1; Art. II, §1, cl. 2.

For these reasons, the question presented by the Pennsylvania Supreme Court's decision calls out for review by this Court—as both the State Republican and Democratic Parties agreed when the former applied for a stay. But I reluctantly conclude that there is simply not enough time at this late date to decide the question before the election.

That does not mean, however, that the state court decision must escape our review. Although the Court denies the motion to expedite, the petition for certiorari remains before us, and if it is granted, the case can then be decided under a shortened schedule. In addition, the Court's denial of the motion to expedite is not a denial of a request for this Court to order that ballots received after election day be segregated so that if the State Supreme Court's decision is

ultimately overturned, a targeted remedy will be available. Petitioner represents that it will apply to this Court to obtain that modest relief, Reply in Support of Motion for Expedited Review 3, and Respondent DPP agrees that such relief is appropriate, Opp. to Motion for Expedited Review 7. Although the Pennsylvania Supreme Court rejected Petitioner's request for that relief, we have been informed by the Pennsylvania Attorney General that the Secretary of the Commonwealth issued guidance today directing county boards of elections to segregate ballots received between 8:00 p.m. on November 3, 2020, and 5:00 p.m. on November 6, 2020. Nothing in the Court's order today precludes Petitioner from applying to this Court for relief if, for some reason, it is not satisfied with the Secretary's guidance.